INGRAM, Justice
(dissenting).
I respectfully dissent from the majority opinion, because I consider the contract void under the Statute of Frauds.
The record shows that Parker, with the assistance of Anderson, completed a sales contract that specified the closing date as July 15, 1991. Glazner rejected this offer and made a counteroffer, also on a sales contract form, that specified the closing date as June 1, 1991. He signed the contract and sent it to Parker. Parker rejected Glazner’s counteroffer and told Anderson to change the closing date back to July~15,1991, which was the closing date in her original offer that was rejected by Glazner. Anderson wrote the July 15, 1991, closing date on the contract form that Glazner had previously signed. After the change was made, Parker signed the contract form under Glazner’s signature. Glazner did not resign the contract form after the closing date was changed by Anderson. Therefore, he did not sign the writing sought to be enforced against him.
The Statute of Frauds, § 8-9-2, Ala.Code 1975, provides:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.”
I am satisfied that this contract for the sale of real property comes within the language of the statute; therefore, it is void. The contract with which Parker seeks to charge Glazner must be in writing, including all changes, and must be signed by Glazner. The opinion of the majority states that this contract is not void because the change was in writing and Glazner had signed this contract form. This argument ignores the fact that what Glazner signed was his counteroffer. His counteroffer was rejected by Parker, who then asked Anderson to modify the closing date. Parker, therefore, rejected Glazner’s offer and made another counteroffer. Because the contract Parker is seeking to charge Glaz-ner with is her last counteroffer stating the closing date as July 15, 1991, and because Glazner did not “sign” Parker’s counteroffer, the contract form as modified by Anderson is void under the clear provisions of the Statute of Frauds.
I note also that Pearce v. Third Avenue Improvement Co., 221 Ala. 209, 128 So. 396 (1930), which is relied upon by the majority, does not consider the issue of the Statute of Frauds. In that case, Third Avenue sued for specific performance of a sales agreement. Pearce and the other owners of the property claimed that the contract was void because Pearce’s husband had failed to join in the conveyance of Pearce’s interest in the property.[3] The *378 Court stated: “The chief issue of fact is whether any contract was ever consummated.” Id., 221 Ala. at 212, 128 So. at 398. The broker, who was designated in the contract as representing the sellers, had prepared a sales contract that was signed by the purchaser, Third Avenue. The document was then taken to Pearce and the other owners of the property to be signed and executed. Pearce, however, had the broker change the amount of earnest money from $100 to $500. This was accomplished, and Third Avenue tendered full performance.
The issue in the case was whether the lack of the husband’s joinder voided the contract. The Court stated:
“When vendors execute a contract in their own way and deliver the same to the vendee who accepts the contract as it is, the legal status of the transaction is fixed. Although, as thus concluded, it is not so executed by one of several tenants in common as to become binding on him or her, it becomes binding on those who have lawfully executed it as to their distinct and severable interests. This elementary rule applies with equal force where one of the parties is under a disability, as in the case of a married woman without the joinder of her husband.”
Id., 221 Ala. at 212, 128 So. at 398.
For obvious reasons, Pearce does not provide precedential authority for this case. For one reason, there was no written contract stating that Anderson was the agent for Glazner. Indeed, the sales contract, inéxplicably, leaves blank that space provided for the indication of whose agent Anderson is. Also, the contract in Pearce was fully executed. It is axiomatic that an executed contract is not subject to the Statute of Frauds.
The material alteration of the sales contract by Anderson at the request of Parker constituted a counteroffer by Parker. Even though Glazner’s signature appeared on the form, as a matter of law it cannot constitute his acceptance of this counteroffer so as to support a holding that he has “signed the contract that he is to be charged [with].” Therefore, the contract was not signed by the party against whom it was sought to be enforced; hence, it is void.

. At the time of the transaction in Pearce, our statutes required that a married woman’s husband join in any conveyance of her property.